# FREDERICK W. KRAUSE

*v.*

# HENRY CURTIS.

PLEADING AND EVIDENCE—*what is admitted by pleadings.* A plea in an action of replevin, setting up property in a third person and avowing for rent from him, admits the taking of the goods, and the only burden resting upon the plaintiff is to prove the goods are his, and not the property of such third person.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. THOMAS SHIRLEY, for the appellant.

Mr. STEPHEN F. BROWN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was replevin, in the Cook circuit court, in the *cepit* and *detinet*, for certain articles of furniture, with a count in trover for the same, claimed as the property of the plaintiff.

The pleas denied the taking and detaining, and set up property in Reinl, Roemer & Co., and avowing for rent due from them to Krause, one of the defendants, and as to the count in trover, not guilty.

Issues were made up on these pleas, and a verdict for plaintiff, on which the court rendered judgment, having denied a motion for a new trial. To reverse this judgment Krause appeals.

Some objections are raised to the action of the court in granting leave to appellee to file a declaration *de novo*, in allowing proceedings to be had thereon, and in ruling defendants to plead. All these were so much within the discretionary power of the court, we are not disposed to interfere with its exercise, under the circumstances.

It is objected by appellant, there was no proof the goods were taken on a distress warrant as the goods of Reinl, Roemer

& Co., issued at the instance of appellant. These facts are alleged in appellants' avowry, and stand admitted. No proof is necessary of an admitted fact. On this admission, the only burden resting on appellee was to prove the goods were his property, and not the property of Reinl, Roemer & Co.

Was it not true that Hayes held the warrant and acted on it in taking the goods by direction of Krause, it was quite easy to establish it by Krause himself, who was a competent witness. Curtis testified that Krause sold these goods at auction on a distress warrant.

We think the proof sufficient to sustain the verdict, and perceive no error in giving or refusing instructions. The judgment is affirmed.

*Judgment affirmed.*